UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E.O., by and through his parent
AMARILYS ORTIZ,

    Plaintiff,

v.                                                Case No. 8:24-cv-1888-TPB-AEP

SCHOOL BOARD OF
HILLSBOROUGH COUNTY and
JAMILA MALIVA,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANT THE SCHOOL BOARD'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT"**

This matter is before the Court on "Defendant The School Board's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law," filed by counsel on August 19, 2024. (Doc. 8). Plaintiff E.O., by and through his parent Amarilys Ortiz, did not file a response in opposition, and the time to respond has expired. After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

This action stems from a bus driver's conduct toward a disabled child, including her decision to not allow the child to board a school bus on September 20, 2023. Plaintiff E.O. is a child who attends Sessums Elementary School in Hillsborough County, Florida. Plaintiff has a disability and requires

accommodations, including an individualized education plan from Defendant The School Board of Hillsborough County.

Plaintiff rides the school bus to and from his elementary school. He alleges that Defendant Jamila Maliva, the bus driver, (1) complained about Plaintiff being slow to board and depart the bus on September 6, 2023; (2) would not allow Plaintiff to gain entry to the school bus on September 20, 2023, and (3) since September 20, 2023, has permitted Plaintiff to board the bus but has made "discriminatory remarks" about Plaintiff being assigned to her bus. Plaintiff alleges that on the day he was actually denied access to the school bus, his parent, Amarilys Ortiz, was forced to find alternate transportation, which caused Ortiz to have "unnecessary tension with her workplace and undue financial hardship." Plaintiff asserts that Maliva is discriminating against him solely based on his disability.

Plaintiff originally filed his complaint in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, asserting claims for a violation of the Florida Civil Rights Act, negligence, and vicarious liability. He later filed an amended complaint, in which he asserts claims for: (1) violation of 14th Amendment – equal protection (against the School Board); (2) violation of § 504 of the Rehabilitation Act (against the School Board); (3) violation of Title II of the Americans with Disabilities Act ("ADA") (against the School Board), (4) intentional infliction of emotional distress (against Maliva); (5) negligence (against the School Board); (6) negligent infliction of emotional distress (against Maliva); and (7)

violation of § 1000.05, *F.S.* – Florida Educational Equity Act ("FEEA") (against the School Board).[1]

On August 12, 2024, the School Board removed this case pursuant to 28 U.S.C. § 1331, invoking the Court's federal question jurisdiction. The School Board seeks dismissal of the amended complaint with prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions

---

[1] The state court case was filed on March 7, 2024. It appears that Maliva has not yet been served.

or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

### Count I – § 1983 Equal Protection Claim

The School Board argues that Plaintiff fails to state an equal protection claim based on disability because the claim improperly relies on a theory of respondeat superior. To prevail on a § 1983 claim, a plaintiff must plead and prove a deprivation of a constitutional or federal statutory right by someone acting under color of state law. *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010). Importantly, however, a municipal entity such as the School Board cannot be held liable under § 1983 "simply because its agent causes an injury, even a constitutional injury." *Van Etten by Van Etten v. Sch. Bd. of Okaloosa Cty., Fla.*, 614 F. Supp. 3d 1112, 1122 (N.D. Fla. 2022) (citing *Gilmere v. City of Atlanta, Ga.*, 737 F.2 894, 902 (11th Cir. 1984)). Rather, to assert a § 1983 claim against the School Board, Plaintiff must identify a municipal custom or policy that caused his injuries. *See Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

In the amended complaint, Plaintiff's theory of liability against the School Board rests solely upon a theory of respondeat superior based on Maliva's conduct. He does not allege any policy or custom of the School Board to deny disabled children access to school buses, or to otherwise discriminate against disabled children on school buses. Nor does Plaintiff allege that any School Board official

with final policymaking authority did not permit Plaintiff to board the school bus or otherwise discriminated against Plaintiff. Plaintiff therefore does not sufficiently state any § 1983 claims against the School Board. *See Cuesta v. Sch. Bd. of Miami-Dade Cty., Fla.*, 285 F.3d 962, 966 (11th Cir. 2002) (explaining how plaintiff can establish municipal liability by identifying (1) an official policy of the municipality, (2) an unofficial custom or practice that is "so permanent and well settled as to constitute a custom and usage with the force of law[,]" or (3) a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights).

Consequently, the motion to dismiss is granted as to Count I. However, because it is possible that Plaintiff may be able to state a sufficient equal protection claim, the Court will grant leave to amend, if Plaintiff may do so in good faith.

***Counts II and III – § 504 and Title II Claims***

The School Board argues that Plaintiff's § 504 and Title II claims must be dismissed for failure to state a claim. To establish a disability discrimination claim under either statute, Plaintiff must establish that he: (1) is a qualified individual with a disability; (2) was either excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities; and (3) that the exclusion or denial of benefit was because of Plaintiff's disability.[2] *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). Under § 405 and the

---

[2] "Given the textual similarities between the two statutes, the same standards govern" Title II and § 504 claims. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cty., Fla.*, 610 F. 3d 588, 604 (11th Cir. 2010) (internal quotations omitted)).

ADA, a defendant does not need to accommodate a plaintiff who has meaningful access to the benefit at issue. *See Ambrose v. St. Johns Cnty. Sch. Bd.*, 664 F. Supp. 3d 1322, 1331-32 (M.D. Fla. 2023) (citing *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999)). Therefore, Plaintiff must demonstrate that he lacks "meaningful access" to a public benefit to which is entitled because of his disability. *See id.*

Plaintiff alleges that because of his disability, he was denied entry to a school bus on September 20, 2023, which in turn denied him access to a free and appropriate public education, a public service to which he was entitled. Plaintiff does not allege that he was consistently denied access to a benefit, and it does not appear that a one-time incident can constitute a lack of "meaningful access." After all, difficulty in accessing a benefit does not establish a lack of meaningful access. *See, e.g., id.*; *Todd v. Carstarphen*, 236 F. Supp. 3 1311, 1330 (N.D. Ga. 2017) (finding that the plaintiff was not denied meaningful access to benefit of a free public education for her children when the school system did not provide transportation and noting that there were other ways get a child to school).

Even if Plaintiff could establish a lack of meaningful access to school or the school bus, because Plaintiff is seeking monetary damages rather than injunctive relief, Plaintiff must also plead and prove that the School Board engaged in intentional discrimination. *See Silberman*, 927 F.3d at 1134 (citing *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 348 (11th Cir. 2012)). To prove intentional discrimination, Plaintiff must show deliberate indifference – that the School Board "knew that harm to a federally protected right was substantially likely" and "failed to act on that likelihood." *See id.* (quoting *Liese*, 701 F.3d at 344). Moreover, to

hold a government entity like the School Board liable, Plaintiff must demonstrate that an "official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [entity's] behalf" had "actual knowledge of discrimination in the [entity's] programs and fail[ed] adequately to respond." *See Liese*, 701 F.3d at 349. Assuming, arguendo, that Maliva's conduct toward Plaintiff was discriminatory, bus drivers are not qualifying officials. *See Silberman*, 927 F.3d at 1135. Plaintiff has not identified any other person associated with the School Board who had actual knowledge of the September 2023 incident(s) that failed to adequately respond.

Consequently, Plaintiff has failed to state a claim, and Counts II and III are dismissed. Although the School Board seeks dismissal with prejudice, in an abundance of caution, the Court will again grant leave to amend, if Plaintiff may do so in good faith.[3]

### *Count V – Negligence*

The School Board argues that Plaintiff's negligence claims must be dismissed because the School Board did not breach any duty owed to Plaintiff, and because Plaintiff failed to satisfy the impact rule.[4]

---

[3] It is unclear whether Plaintiff will be able to plead sufficient facts to state a claim because it appears that after the School Board had a meeting with Maliva, the situation was resolved and Plaintiff has resumed taking the bus to school. *See* (Doc. 1-2 at ¶¶ 26-27).

[4] To avoid shotgun pleading issues, separate claims – such as negligent hiring, failure to train, and failure to supervise – should be brought in separate counts. Otherwise, the lack of clarity and improper mixing of claims makes it difficult for Defendants to respond, and for the Court to adjudicate the claims. Should Plaintiff file a second amended complaint, his negligence claims against the School Board should be further separated.

Breach of Duty

Plaintiff claims that the School Board owed him a common law tort duty to provide "public-school transportation free of discrimination, bigotry, and mental abuse," and that the School Board breached this duty by hiring, failing to train, and failing to supervise Maliva. However, there does not appear to be a common law tort duty to provide discrimination-free public-school transportation under Florida law. *See Scelta v. Delicatessan Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999) (underlying wrong in negligence claim must be based on injury resulting from tort recognized under common law, and granting motion to dismiss in part because Florida law does not recognize common law cause of action based on negligent failure to maintain workplace free from sexual harassment).

To the extent Plaintiff bases his negligence claim on alleged statutory violations of 42 U.S.C. § 1983, the Rehabilitation Act, the ADA, or the FEEA, he cannot sustain a claim. *See C.P. v. Leon Cnty. Sch. Bd.*, No. 4:03 CV 65 RH/WCS, 2005 WL 2133699, at *5 (N.D. Fla. Aug. 27, 2005) (explaining that negligence claim could not be based on alleged statutory violations of 42 U.S.C. § 1983, the Rehabilitation Act, the ADA, or the FEEA*); see also Liese*, 701 F.3d at 352-53 (Neither the Rehabilitation Act or its regulation, nor the ADA, create negligence duty under Florida law).

Consequently, the motion to dismiss is granted as to this ground. In an abundance of caution, the Court will grant leave to amend. Plaintiff may reassert a negligence claim against the School Board if, in good faith, he can plead a common law duty that has been breached by the School Board.

Impact Rule

The School Board also argues that Plaintiff cannot recover for emotional distress injuries because he cannot satisfy the impact rule. Under this rule, "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *G4S Secure Sols. USA, Inc. v. Golzar*, 208 So. 3d 204, 208-09 (Fla. 3d DCA 2016). The impact rule applies to the torts of negligent hiring, negligent retention, and negligent supervision. *Id.*; *see also Resley v. Ritz-Carlton Hotel Co.*, 989 F. Supp. 1442, 1449 (M.D. Fla. 1997) (applying impact to negligent retention and hiring claims); *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1257-58 (M.D. Fla. 2011) (applying impact rule to negligent supervision and retention claim); *Weld v. Se. Cos., Inc.*, 10 F. Supp. 2d 1318, 1323 (M.D. Fla. 1998) (applying impact rule to negligent supervision claim); *Degitz v. S. Mgmt. Servs., Inc.*, 996 F. Supp. 1451, 1462 (M.D. Fla. 1998) (applying impact rule to negligent retention claim)

Here, Plaintiff has alleged only non-economic damages, including "suffering, mental anguish, loss of capacity for the enjoyment of life, and expense of psychiatric treatment." Therefore, to satisfy Florida's impact rule, Plaintiff must allege facts to show that the emotional distress suffered flowed from physical injuries sustained in an impact. Based on his factual allegations, it does not appear that Plaintiff will be able to allege any sort of physical impact or physical injury. However, in an abundance of caution and because the Court is granting leave to amend as to the

other claims against the School Board, the Court will grant leave for Plaintiff to amend his negligence claims to satisfy the impact rule, if he may do so in good faith.

If Plaintiff chooses to re-file a negligence claim, separate claims – such as negligent hiring, failure to train, and failure to supervise – should be brought in separate counts to avoid shotgun pleading issues.  Otherwise, the lack of clarity and improper mixing of claims makes it difficult for Defendants to respond, and for the Court to adjudicate the claims.

*Count VII – FEEA*

FEEA, which is patterned after Title IX, prohibits disability discrimination in public education.  § 1000.05(2)(a), *F.S.*; *Hawkins v. Sarasota Cnty. Sch. Bd.*, 322 F.3d 1279, 1286 (11th Cir. 2003).  In relevant part, FEEA provides that "[n]o person in this state shall, on the basis of . . . disability . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any public K-20 education program or activity . . . ."  § 1000.05(2)(a), *F.S.*  To recover under the FEEA, Plaintiff must establish at least "deliberate indifference" from the School Board.  *See R.P. v. Leon Cnty. Sch. Bd.*, No. 4:03CV387-SPM, 2005 WL 8164796, at *8-9 (N.D. Fla. Sept. 30, 2005) (citing *Hawkins*, 322 F.3d at 1286).

For the reasons discussed above regarding deliberate indifference in relation to Plaintiff's Rehabilitation Act and ADA claims in Counts II and III, Plaintiff's FEEA claim is also subject to dismissal.  The Court will again grant leave to amend, if Plaintiff may do so in good faith.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant The School Board's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law" (Doc. 8) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** to the extent that Counts I, II, III, V, and VII are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3. The motion is **DENIED** to the extent it seeks dismissal with prejudice.

4. Plaintiff is **DIRECTED** to file a second amended complaint on or before October 31, 2024. Failure to file an amended complaint will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of October, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE